### JAMES LOCKE *vs.* BARZILLAI BROWN.

Whether the plaintiff gave credit originally to the defendant, or to a third person, is a question to be submitted to the jury, for their determination, and not for the decision of the Court on a request to order a nonsuit.

And on the trial of that issue the testimony of a witness, that such third person was then insolvent, is competent evidence for the plaintiff.

EXCEPTIONS from the Court of Common Pleas.

The action was *assumpsit*, the writ bearing date, *May* 8, 1835, in which the plaintiff claimed $76,50 for work and labor done

from *Nov.* 1, 1834 to *April* 9, 1835. The plaintiff proved by one *Stubbs*, that about the first of *Nov.* 1834, that one *R. S. Rowe* hired the plaintiff to work the winter season in the woods, at $16 per month, and at the same time *Rowe* said, he would get the defendant, who furnished his supplies, to say that he would be holden for the plaintiff's wages; that on the 22d of *Dec.* following, he was present with the plaintiff, defendant and *Rowe*, and that the defendant said to the plaintiff, that he would be accountable to him for his winter's work, and that if the plaintiff should want any goods during the winter, to send to his store in *Bangor*, and they should be furnished; and that he would pay the plaintiff his wages in *June* or whenever the lumber came down, and the witness stated that the lumber was down, *May* 3, 1835. The same witness stated that *Rowe* hired the plaintiff, witness and other hands to work that winter. Another witness, called by the plaintiff, stated that in the last of *Dec.* 1834, *Brown* was in the woods and *Locke* asked him, whether, if he sent for goods at his store towards his wages, he could get them; to which *Brown* replied, yes, there would be no difficulty. The witness on cross examination stated, that he was hired by *Rowe*, and that *Brown* was not, to his knowledge, accountable for the wages of any of the men. Another witness said, that in *March*, 1834, he heard the defendant say, that he was to pay the men, if they did a good winter's work, and he thought they had so done. To show that the plaintiff would not be likely to trust *Rowe*, the plaintiff proved, that *Rowe* was committed to prison *Jan.* 6, and took the poor debtor's oath *Jan.* 25, 1835. To the admission of this last testimony the defendant objected, and the objection was overruled. Upon this evidence, *Appleton* and *Hill*, counsel for the defendant, requested the Court, *Perham J.* presiding, to order a nonsuit, but the Court declined. The defendant then called his clerk, who testified, that in *April*, 1835, the plaintiff called at the store, and said, that he would work no longer, and would leave the woods, unless the defendant would be accountable to him for his wages, and that *Brown* agreed, that if the plaintiff would go on and work, he would pay him after that time, and that nothing was then said about *Brown's* being accountable for any thing before that time; and the witness also stated, that the plaintiff afterwards presented an order to *Brown* for the amount due,

and requested payment, that *Brown* refused, and the plaintiff said he would sue him; and that *Rowe* was indebted to *Brown* for supplies furnished for lumbering. The defendant also introduced, without objection, papers of which the following are copies.

" This may certify, that I agree to be accountable to *James Locke* for what work he may do for *Rogers S. Rowe,* in running and rafting lumber from *Madaceunk* from this date, until said *Rowe* shall get what lumber he has on the land rafted and run to *Bangor,* at the rate of $1, per day, reserving the privilege of dismissing said *Rowe,* if I please. *B. Brown.*

" *Bangor, April* 11, 1835."

        " *B. Brown* to *James Locke,*           *Dr.*

1835, *May* 7. To 20 days labor, from 10th of *April* to 3d of *May,* done for *Rogers S. Rowe,* at 6s.       $20,00.

                "Rec'd pay, *James Locke.*"

The defendant's counsel requested the Court to charge the jury, that upon this evidence, that the hiring by *Rowe,* was an original undertaking by *Rowe,* and that to render *Brown* liable, he must have promised in writing, and that by law, the plaintiff could not recover; and that it was incumbent on the plaintiff to prove, before he was entitled to recover, that the lumber had all been run to *Bangor* before the action was commenced. But *Perham J.* did not so instruct the jury, but directed them, that to make the defendant liable, they must be satisfied, that he was originally so liable, and that the credit was given to him, and to inquire, if *Rowe* had authority from *Brown* to bind him, when he hired the plaintiff; or if the defendant had subsequently ratified the contract so made by said *Rowe;* and if not, the action could not be maintained. The Judge referred the jury to the evidence, and left them to find for the plaintiff or defendant according to the facts, as they should find them. The verdict was for the plaintiff, and the counsel for the defendant excepted to the rulings and instructions of the Court.

*J. Appleton,* for the defendant, enforced the several positions taken at the trial, and cited, *Miller v. Lancaster,* 4 *Greenl.* 161; *Roberts on Frauds,* 218; *Chitty on Contracts,* 201; 8 *Johns. R.* 37; 2 *T. R.* 80; 1 *H. Black.* 120; 3 *Car. & P.* 130; 10

*Barn. & C.* 664; 2 *Peters' R.* 551; 6 *Pick.* 511; 13 *Wend.* 259; 2 *H. Black.* 116; 4 *Car. & P.* 295; and 15 *Mass. R.* 75.

*F. H. Allen*, for the plaintiff, said, that the question, whether the work was completed according to agreement, before the commencement of the suit, was solely for the consideration of the jury, and presented no question of law on the exceptions.

The main question, whether the contract was within the statute of frauds, was properly left to the jury. They were instructed to inquire, whether the defendant undertook originally, or only collaterally; whether the defendant did or did not make himself originally liable; and to return their verdict, as they should find, one way or the other. The cases cited by the counsel for the defendant, show that the Judge of the Court of Common Pleas was right. The testimony, that *Rowe* was insolvent, and had taken the poor debtor's oath, was competent to enable the jury properly to decide the question of the defendant's original liability.

After a continuance, the opinion of the Court was drawn up by

Weston C. J. — It appeared by the deposition of *Henry Stubbs*, that when *Rowe* engaged the plaintiff, for the winter season following the first of *November*, 1834, he proposed to procure the defendant to be accountable for his wages. The testimony of *Levi Bradley*, to prove the inability and insolvency of *Rowe*, in connection with the other facts, was of a character to throw light upon the question, then before the jury, whether the plaintiff gave credit to him originally, or to the defendant, and was therefore legally admissible.

*Rowe* proffered the defendant's credit; and there was evidence tending to show, that the defendant acceded to it. The solicitude of the plaintiff to obtain an assurance of payment from the defendant, tended to prove that he relied upon his credit. And the promise of the defendant, more than once made, to pay his wages, was evidence proper to be left to the jury, from which to determine whether the engagement of *Rowe* in his behalf was not previously authorized, or subsequently ratified.

Whether the plaintiff gave credit originally to the defendant or *Rowe*, was a fact for the jury to settle; and the Judge very pro-

perly declined to settle it himself. It was no part of the original contract, that the plaintiff should give credit for his wages, after they had been earned. And if the hiring by *Rowe* was for the defendant, as the jury have found, he had no right subsequently to impose new conditions. But if the defendant's liability was conditional, the proof is, that the conditions were complied with. In the hearing of one witness, the defendant promised to pay the men, if they did a good winter's work, which the same witness thought they had done. At another time the defendant promised to pay the plaintiff in *June*, or when the lumber was got down ; and it appeared the lumber was got down the day before the action was commenced.

<div align="right">

*Exceptions overruled.*